UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-02431-HDV-PD | Date | June 4, 2026 |
|---|---|---|---|

| Title | *Zhou Xaixuan v. Warden, Adelanto ICE Processing Center et al.* |
|---|---|

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION AND PETITION FOR HABEAS CORPUS [1, 2]**

Petitioner Zhou Xaixuan, proceeding in pro per, filed a Petition for Writ of Habeas Corpus on May 7, 2026 ("Petition"). [Dkt. 1]. On the same date, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("Application"), which the Court construed as an application for preliminary injunction, requesting that Respondents be enjoined from 1) transferring him from his current place of detention at the Adelanto Detention Facility, 2) removing or deporting him from the United States, or 3) taking any other action to facilitate his removal or transfer pending a hearing on this matter. [Dkt. 2, ¶ 1]. Also before the Court is Petitioner's Motion for Immediate Release filed on June 1, 2026. [Dkt. 11].

On May 7, 2026, based on the Court's inherent powers to preserve the status quo, this Court immediately issued emergency relief maintaining the status quo and setting a briefing schedule on the preliminary injunction application. [Dkt. 6]. On May 14, 2026, the government filed a "Response" which states, "Respondents herein respond to the TRO Application and provide an answer to the Petition. Respondents are not presenting an opposition argument at this time." Respondents' Response to *Ex Parte* Application for Temporary Restraining Order and Answer to Petition ("Response") at 2 [Dkt. 8].

Petitioner is a Chinese national who arrived in the U.S. in 2014 on a visitor's visa. Petition at 1; Declaration of Zhou Haixuan ("Haixuan Decl.") ¶ 4. He has lived in the United States for over eleven years. He has a wife and two U.S. citizen children, ages 4 and 1. Haixuan Decl. ¶¶ 6–10; Application ¶ 4. Petitioner has an asylum case pending and seeks

---

protection under the Convention Against Torture.  Haixuan Decl. ¶ 15.  Petitioner has been detained by ICE at the Adelanto Detention Facility since February, 13, 2026.  *Id.* ¶ 25.  He received a bond hearing before the Immigration Court and his request for bond was denied.  *Id.* ¶¶ 28–29.  His denial of bond is currently on appeal to the BIA.  Application ¶ 6.

The Court can grant the PI application and Petition solely on the basis of the government's failure to oppose it.  *See* C.D. Cal. L.R. 7-12.  Given the government's concession, the Court grants both the preliminary injunction and the Petition for Writ of Habeas Corpus.  Respondents are hereby:

1. Ordered to ***release*** Petitioner **Zhou Xaixuan (A# 208-320-751)** from custody ***forthwith***.

2. Enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing.[1]

3. Enjoined and restrained from removing Petitioner to a third country without notice and a meaningful opportunity to respond and contest such removal.[2]

---

[1] At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a).  However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).

[2] Rule 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite

4.  Ordered to file a **Notice of Release** regarding the status of compliance with the Court's Order within **three days**.

5.  Ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, and to place a copy of this Order in the Petitioner's A-File.

**IT IS SO ORDERED.**

---

the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation omitted). Accordingly, the Court waives the bond requirement here, as it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).

---